OPINION
{¶ 1} James M. Williams ("appellant"), appeals from the decision of the Trumbull County Court of Common Pleas, Domestic Relations Division, overruling his motion for modification of parental rights and responsibilities and motion for modification of support and granting Heidi L. Williams' ("appellee") motion to relocate to Texas with the parties' son. Appellant additionally challenges the lower court's decision to transfer jurisdiction to Texas and its denial of his motion for retroactive modification of child support.
 {¶ 2} On February 24, 1998, appellee filed a complaint for divorce requesting, inter alia, that she be designated residential parent and legal custodian of the parties' minor child, Dustin Williams ("Dustin"). The divorce was granted on August 18, 1999. The trial court subsequently granted appellee temporary sole parental rights and responsibilities of Dustin with supervision by the Trumbull County Children's Services Board. Appellant appealed this judgment, which was dismissed by this court sua sponte on December 20, 1999 for failure to prosecute.
 {¶ 3} On February 1, 2000, appellee filed a motion for contempt as a result of appellant's failure to meet his support obligations. On February 18, 2000, appellant filed a motion to modify any temporary and/or permanent custody. On May 25, 2000, the trial court rendered its decision holding appellant in contempt for failure to pay child support and failure to pay appellee's share of the marital assets. On August 2, 2000, following a hearing on appellant's motion for change of custody, the trial court rendered its judgment granting sole legal custody of Dustin to appellee. Appellant filed an appeal on August 24, 2000 which was again dismissed for failure to prosecute.
 {¶ 4} On December 20, 2000, appellant filed a motion for reallocation of parental rights and responsibilities and modification of visitation, child support and spousal support. On January 4, 2001, appellee filed her motion for permission to relocate.[1] On May 9, 2001, the guardian ad litem filed his report wherein he recommended that the child's ties to Trumbull County militated against relocation. On July 21, 2001, the trial court conducted a hearing to address both parties' motions. At the hearing, the court heard testimony from appellant, appellee, and the guardian ad litem. On August, 16, 2001, the trial court rendered its decision which granted appellee permission to relocate to Texas and replaced appellee's sole custody of Dustin with temporary custody. In its judgment entry, the court crafted a visitation schedule and an amended companionship order for long distance visitation. Moreover, the court terminated spousal support and child support was modified and reduced. The court set the matter for a six month review.
 {¶ 5} On October 1, 2001, appellee filed a motion to transfer the case to Texas. Hearings were held on this matter but the court did not render a decision concerning the transfer to Texas. The matter was scheduled for review on March 15, 2002. An "interstate home evaluation" of appellee's home was ordered by the trial court at that time.
 {¶ 6} On March 15, 2002, a hearing was held on the issue of transferring the case to Texas. On July 25, 2002, the court issued its judgment entry transferring the case to Texas finding Ohio an inconvenient forum pursuant to the Uniform Child Custody Jurisdiction Act, codified under R.C. 3109.21, et seq. In the same judgment entry, the court changed appellee's temporary custody of Dustin to sole custody.
 {¶ 7} Appellant filed his notice of appeal on August 2, 2002. The issues raised in this appeal emanate from the judgment entries issued on August 16, 2001 and July 25, 2002, respectively.
 {¶ 8} In his first assignment of error, appellant contends that the trial court abused its discretion in granting appellee's motion to relocate and modifying his visitation rights where appellee failed to demonstrate that the relocation was in their child's best interests.
 {¶ 9} Appellant's first assignment of error is predicated upon the August 16, 2001 judgment entry rendered by the lower court. Pursuant to that entry, the trial court granted appellee's motion to relocate, changed appellee's sole custody to temporary custody, and modified the visitation schedule accordingly. Appellant filed his notice of appeal on August 2, 2002, following the trial court's July 25, 2002 judgment entry. In its July 25, 2002 entry, the court granted appellee's motion to transfer the case to Texas and granted appellee sole parental rights and responsibilities of Dustin.
 {¶ 10} We shall turn our attention first to whether the August 16, 2001 judgment entry was a final appealable order for the issues associated with appellee's relocation and the modification of visitation. If that entry was a final appealable order, appellant was obligated to appeal the issues of relocation and visitation in a timely fashion, i.e., thirty days subsequent to the date of the judgment entry. See, App.R. 4.
 {¶ 11} At oral argument, appellant contended that the order granting relocation and temporary custody was not a final appealable order until the issuance of the July 25, 2002 judgment entry. Pursuant to appellant's construction, the August 16, 2001 order granting appellee temporary custody and permission to relocate was not final because the court reserved jurisdiction by setting the matter for a future review hearing. Consequently, appellant concludes, the August 16, 2001 order was merely a temporary rather than a final order.
 {¶ 12} We agree with appellant's conclusion that the order granting relocation and temporary custody was an interim order and thus not final and appealable until the lower court's July 25, 2002 order. In particular, appellant filed his motion for reallocation of parental rights and responsibilities on December 20, 2000. On January 4, 2001, appellee filed her motion to relocate. On August 16, 2001, the lower court granted appellee's motion to relocate and temporary custody, yet postponed its decision regarding appellant's motion for reallocation of parental rights and responsibilities pending a review hearing on the issues.[2]
 {¶ 13} Although the respective motions filed by the parties are separate legal vehicles, the issue of custody inheres both. Clearly, a motion to reallocate parental rights and responsibilities is designed to change custody entirely. Moreover, where a child's custody is designated temporary and a motion to relocate is granted, the nature of the custodial relationship and visitation schedule are intimately affected.
 {¶ 14} In granting appellee's motion to relocate, the court underscored the temporary nature of its decision. The court stated that:
 {¶ 15} "* * * the best interests of the minor child dictate that the temporary custody of the minor child DUSTIN remain with the Plaintiff-Mother subject to this court's continuing jurisdiction; that the issue of custody shall be reviewed in six (6) months by this court; * * *" (Emphasis sic.)
 {¶ 16} "Temporary * * * child custody orders have been held not final and appealable because of their interlocutory nature."Shear v. Shear (Mar. 31, 1994), 8th Dist. No. 65339, 1994 Ohio App. LEXIS 1382, at 4. Because appellee's relocation was granted within the limited framework of a temporary custody order, the custody of the child was not permanently resolved. Moreover, as appellant emphasizes, where the permanency of a child's relocation is premised upon a future review hearing, it stands to reason that said order is temporary. Therefore, we conclude the August 16, 2001 order granting appellee's motion to relocate and awarding temporary custody was an interim order and therefore not final and appealable until final custody was awarded on July 25, 2002.
 {¶ 17} That said, we also find that the court did not err in granting appellee's motion to relocate and awarding her temporary custody. In deciding whether to grant a motion to relocate and resolving the accompanying custody issues, a court must observe the best interest of the child. Rozborski v. Rozborski (1996),116 Ohio App.3d 29, 31. The moving party bears the burden of establishing that the relocation will coincide with the child's best interest. Id.
 {¶ 18} R.C. 3109.051(G) governs the procedure to be followed when a custodial parent files a notice of intent to relocate in the absence of either a court order imposing a restrictive condition through which the trial court retains jurisdiction to review a prospective request for relocation. Victor v. Miller,
11th Dist. No. 2000-L-177, 2002-Ohio-1956, at 5. Here, the court ordered that the minor child "shall not be removed from Trumbull County, Ohio without Court approval." Therefore, appellee's motion did not fall within the purview of R.C. 3109.051(G). See Victor, supra. Consequently, the court was obligated to consider the child's best interests in ruling upon the motion to relocate. Victor, supra, at 5-6.
 {¶ 19} In its judgment entry, the court determined that the relocation would be in Dustin's best interests due to the prospects of appellee's greater financial stability in Texas. The court also noted that appellee's move to Texas would provide Dustin with better housing and schooling as appellant, at the time of the August 16, 2001 order, was unemployed and had "not offered a plan for housing, schooling and care of DUSTIN at this time." (Emphasis sic.) Thus, we hold that the court did not abuse its discretion in granting appellee's motion to relocate and modifying appellant's visitation rights. Appellant's first assignment of error is consequently overruled.
 {¶ 20} In his second assignment of error appellant contends that the trial court abused its discretion in granting appellee sole parental rights and responsibilities and denying appellant's motion for reallocation of parental rights and responsibilities.
 {¶ 21} Appellant moved the lower court for a modification of the parental rights and responsibilities that was effectively denied in the August 16, 2001 judgment entry. However, it bears noting that the resolution of this issue was not final at the time the court rendered its judgment entry. As indicated above, in its 2001 judgment entry, the court ordered:
 {¶ 22} "[appellee] is hereby granted permission to relocate to Texas and the temporary custody of Dustin shall remain with Plaintiff * * *.
 {¶ 23} "* * *
 {¶ 24} "This case shall be reviewed on Friday, March 15, 2002, at 10:00 a.m. in the Domestic Relations Court of Trumbull County, Ohio on the issues of Permanent Custody and Visitations, the child shall be present in Court." (Emphasis added).
 {¶ 25} To the extent that the lower court reserved ultimate judgment on the issue of permanent custody for a future date, the 2001 judgment entry on this issue was essentially an interim order. The denial of appellant's motion for reallocation of parental rights and responsibilities was final and appealable after the July 25, 2002 judgment entry. Thus, appellant's second assignment of error, like his first, is properly before the court.
 {¶ 26} Appellant argues that R.C. 3109.04(E)(1)(a) is applicable to the current situation. R.C. 3109.04(E)(1)(a) sets forth three elements that must be met in order for the trial court to properly modify an extant parenting plan: (1) there must be an initial demonstration of a change in circumstances; (2) if circumstances have changed, the modification of custody must be in the child's best interests; and (3) any harm to the children from the modification must be outweighed by the advantages of the modification. See Rohrbaugh v. Rohrbaugh (2000),136 Ohio App.3d 599, 604. Our review of the applicable case law demonstrates, however, that R.C. 3109.04(E)(1)(a) is not the applicable law under the current circumstances.
 {¶ 27} Although there was a prior order of custody in this case, it was merely a temporary order.[3] "When a court makes its permanent custody order, differences between it and the temporary order are not modifications pursuant to R.C.3109.04(B)(1) [the precursor to R.C. 3109.04(E)(1)(u)]." Rowlesv. Rowles (Apr. 29, 1988), 11th Dist. No. 12-064, 1988 Ohio App. LEXIS 1537, at 5-6. "It is only after the final judgment allocating parental rights and responsibilities that the court must comply with the statutory requirements for modification."Boling v. Valecko, 9th Dist. No. 20464, 2002-Ohio-449, at 11. In effect, when a court modifies a temporary custody order, a court need only apply the best interest standard. Id.
 {¶ 28} In both its 2001 and 2002 judgment entries, the trial court did not specifically rule upon appellant's motion to modify parental rights and responsibilities. However, in the 2001 entry, the court concluded that the relocation to Texas was in the child's best interests; the court's affirmative finding that the relocation was in the child's best interests implies that appellant's motion to modify parental rights and responsibilities was not well taken.
 {¶ 29} Further, in its 2002 entry, the court granted sole parental rights and responsibilities to appellee thereby finalizing its 2001 denial of appellant's motion to modify parental rights and responsibilities. However, appellant contends that the lower court abused its discretion in granting appellee sole parental rights and responsibilities and denying appellant's motion for reallocation of parental rights and responsibilities.
 {¶ 30} In its August 16, 2001 judgment entry, the lower court stated:
 {¶ 31} "The Court recognizes that the Plaintiff and Defendant both love their child. * * * The Court has evidence only that [appellee] is in financial need; that she has gained employment; has provided the Court with evidence regarding housing and schooling; and that the child needs are more than just sports. The evidence is very clear that Defendant at present is unemployed; and that he has not offered a plan for housing, schooling and care of Dustin at this time."
 {¶ 32} Further, in its July 25, 2002 judgment entry, the lower court noted:
 {¶ 33} "The Court finds that during the past ten (10) months, the minor child Dustin has established strong ties to Longview, Texas. A majority of [appellee's] family is from that area. He has resided there without incident or concern. He is educated there, he receives his medical care there, and has numerous other significant connections with Longview, Texas. Longview, Texas has become Dustin's home and is anticipated to be his home in the future."
 {¶ 34} The trial court grounded its decision in the child's best interests. Although appellant notes various factors that weigh in his favor, the trial court considered his argument, but nevertheless determined that Dustin's best interests would be served by granting appellee sole parental rights and responsibilities. The lower court did not abuse its discretion in drawing this conclusion. We therefore conclude that appellant's second assignment of error is without merit.
 {¶ 35} In his third assignment of error, appellant contends that the trial court erred in determining that Trumbull County, Ohio was an inconvenient forum.
 {¶ 36} As a general rule, the court in which a decree of divorce is originally rendered retains continuing jurisdiction over matters associated with the custody, care, and support of the parties' minor child. Howe v. Schulte (2001),141 Ohio App.3d 760, 764. However, jurisdictional concerns arise when one parent moves out of that state with the child. When this occurs, a court must determine which state has the authority to exercise jurisdiction over the matter. Id. To assist a court in making this determination, Ohio has adopted the Uniform Child Custody Jurisdiction Act ("UCCJA"), codified under R.C. 3109.21 et seq. See In re Zak, 11th Dist. Nos. 2001-L-216, 2001-L-217, and 2001-L-218, 2003-Ohio-1974, at ¶ 11. Under the UCCJA, a domestic court has discretion to assume or divest itself of jurisdiction over matters concerning interstate custody or visitation.
 {¶ 37} The domestic court's discretion is principally guided and limited by the statutory factors set forth in R.C. 3109.22
and 3109.25. In re Smith and Rhodes (Dec. 4, 1998), 11th Dist. No. 98-A-0033, 1998 Ohio App. LEXIS 5805, at 6. These two provisions set forth a two step analysis which governs a domestic court's determination of whether to exercise jurisdiction in a given case. Id.
 {¶ 38} The first prong of the analysis is set forth in R.C.3109.22(A). Under that provision, a domestic court in Ohio that has jurisdiction to make a parenting determination shall exercise that jurisdiction only if one of the conditions specified in subsections (1) through (4) of the statute applies. Justis v.Justis (1998), 81 Ohio St.3d 312, 315. Under the second prong of the analysis, a court that has jurisdiction under R.C. 3109.22(A) may decline to exercise jurisdiction pursuant to R.C. 3109.25 if it finds that "it is an inconvenient forum to make the parenting determination under the circumstances of the case and that a forum court of another state is a more appropriate forum." R.C.3109.25(A).
 {¶ 39} As indicated above, a reviewing court will not reverse a lower court's decision regarding its own jurisdiction absent an abuse of discretion. Howe, supra, at 6.
 {¶ 40} Here, the juvenile court had jurisdiction over the minor child pursuant to R.C. 3109.22(A)(1), which provides:
 {¶ 41} "(A) No court of this state that has jurisdiction to make a parenting determination relative to a child shall exercise that jurisdiction unless one of the following applies:
 {¶ 42} "(1) This state is the home state of the child at the time of commencement of the proceeding, or this state had been the child's home state within six months before commencement of the proceeding and the child is absent from this state because of his removal or retention by a parent who claims a right to be the residential parent and legal custodian of a child or by any other person claiming his custody or is absent from this state for other reasons, and a parent or person acting as parent continues to live in this state;"
 {¶ 43} In the current matter, Dustin was born in and lived in Ohio for approximately his first nine years. Until his relocation to Texas, Ohio was Dustin's home state. The juvenile court had jurisdiction over this matter. Therefore, we move to the second step of the analysis wherein a court with jurisdiction under UCCJA may decline to exercise jurisdiction if it finds that Ohio is not a convenient forum for making the parenting determination pursuant to R.C. 3109.25, which states, in relevant part:
 {¶ 44} "(A) A court that has jurisdiction to make an initial or modification decree may decline to exercise its jurisdiction any time before making a decree if it finds that it is an inconvenient forum to make a parenting determination under the circumstances of the case and that a court of another state is a more appropriate forum.
 {¶ 45} "* * *
 {¶ 46} "(C) In determining if it is an inconvenient forum, the court shall consider if it is in the interest of the child that another state assume jurisdiction. For this purpose it may take into account, but is not limited to any of the following factors:
 {¶ 47} "(1) If another state is or recently was the child's home state;
 {¶ 48} "(2) If another state has a closer connection with the child and his family or with the child and one or more of the contestants;
 {¶ 49} "(3) If substantial evidence concerning the child's present or future care, protection, training, and personal relationships is more readily available in another state;
 {¶ 50} "(4) If the parties have agreed on another forum that is no less appropriate."
 {¶ 51} In the instant case, Dustin moved from Ohio to Longview, Texas subsequent to the August 16, 2001 judgment entry. Texas has been Dustin's home state since that determination. Moreover, the court heard testimony that Dustin has established numerous friendships, is close with his teachers, and is active in his church as an alter boy. At the hearing, appellee testified that Dustin is currently receiving all "A"s in school and has a very close relationship with his aunt, uncle, and infant cousin. Further, appellee testified that Dustin plays soccer, baseball, and football.
 {¶ 52} In its July 25, 2002 judgment entry, the trial court determined that Dustin has established strong ties to Longview, Texas; he has resided there without incident or concern; he is educated, receives his medical care, and has various other significant connections to Longview, Texas. Finally, the court found that Longview, Texas is and shall remain Dustin's home. From this, the court concluded that Trumbull County, Ohio has become an inconvenient forum. The trial court followed the proper analysis and drew reasonable conclusions from the testimony. Thus, we cannot say the lower court abused its discretion in declining to exercise jurisdiction over the current matter.
 {¶ 53} Appellant's third assignment of error is without merit.
 {¶ 54} In his final assignment of error, appellant contends that the trial court erred in failing to modify or reduce his monthly child support retroactive to the date on which he filed his motion for modification for child support.
 {¶ 55} Modification of a child support obligation involves a two-step process: First, the trial court must determine whether there has been a change in circumstances; if the court so finds, it may issue an order with an appropriate modification after consideration of all relevant circumstances. Cole v. Cole
(1990), 70 Ohio App.3d 188, 191.
 {¶ 56} Trial courts have considerable discretion in determining whether a child support order should be modified.Grandia v. Grandia (Aug. 28, 1987), 11th Dist. No. 12-049, 1987 Ohio App. LEXIS 8505, at 5. If a court determines that a support order should be modified, it can only make the modification order effective from the date the motion for modification was filed.Tobens v. Brill (1993), 89 Ohio App.3d 298,304.
 {¶ 57} Appellant filed his motion for modification of child support on December 20, 2000. Appellant contends that during a May 22, 2001 hearing he presented evidence of his unemployment from approximately the end of August, 2000 until the beginning of March of 2001. Moreover, appellant notes that appellee had full time employment from October, 2000 until the end of May, 2001. Consequently, appellant argues that there was a change of circumstances concerning the parties' incomes and the lower court abused its discretion by failing to modify his monthly child support obligations retroactively to December 20, 2000. We disagree.
 {¶ 58} The portion of the record to which appellant cites does not establish any dates regarding appellant's unemployment status. Although appellant may have been unemployed between August of 2000 and March of 2001, the testimony on which appellant relies fails to affirmatively establish these dates. Without specific evidence of the change in appellant's circumstances, the lower court had no basis for modifying appellant's child support obligations retroactively.
 {¶ 59} In its judgment entry, the trial court ordered:
 {¶ 60} "From January 1, 2001 through August 31, 2001, the child support remains as previously Ordered, to wit: Six Hundred Eighty-Seven Dollars and Sixty-Seven Cents ($687.67), which includes poundage per month.
 {¶ 61} "The child support beginning September 1, 2001, based on Plaintiff's income of Forty-Two Thousand Dollars ($42,000.00) per year and Defendant's imputed income of Thirty-Six Thousand Dollars ($36,000.00) per year shall be Three Hundred Seventy One Dollars ($371.00) per month, plus two percent (2%) poundage charge of Seven Dollars and Forty-two Cents ($7.42), for a total of Three Hundred Seventy-Eight Dollars and Forty-Two Cents ($378.42) per month. The Defendant shall pay through the offices of the Trumbull County Child Support Enforcement Agency the sum of $378.42 per month until further Order of Court. * * *"
 {¶ 62} The court based its decision to modify appellant's support obligation on the evidence of the parties' projected incomes. Although the court had the ability to modify the support payments retroactively, it declined to exercise its discretion. Without specific evidence of a change in circumstances, the court had no reason to modify the payments retroactively. Therefore, appellant's final assignment of error lacks merit.
 {¶ 63} For the foregoing reasons, appellant's four assignments of error are overruled and the judgment of the Trumbull County Court of Common Pleas, Domestic Relations Division is affirmed.
Judgment affirmed.
Christley, J., concurs.
Grendell, J., dissents.
[1] Although appellant's motion for reallocation of parental rights was filed on December 20, 2000 and appellee's motion to relocate was filed on January 4, 2001, the hearing on these issues was not held until July 21, 2001 due to the death of the original guardian ad litem. The court subsequently appointed a different guardian ad litem and, after receiving the reports, conducted the hearing.
[2] The review hearing was held on March 15, 2002 and the court's decision released on July 25, 2002.
[3] As previously indicated, appellee originally had sole custody prior to her request to relocate which the court changed to temporary custody upon granting the request to relocate.