DECISION AND JUDGMENT ENTRY
{¶ 1} This accelerated appeal is from the June 6, 2008 judgment of the Sandusky County Court of Common Pleas, which scheduled appellant's visitation with the minor children of the marriage, eliminating any possibility of overnight visitation. Upon consideration of the order, we find that this is not a final, appealable order. *Page 2 
 {¶ 2} This post-divorce action began with the filing of a motion to hold appellee in contempt for violating the shared-parenting agreement the parties entered into on January 11, 2007. Following a dispute between the parties over visitation, appellee filed a motion on September 10, 2007, to terminate the shared-parenting agreement and requested full custody of the minor children. Appellee asserted that because of appellant's inability and/or refusal to communicate effectively with appellee and because he has not exercised his parenting time in accordance with the agreement, a change in circumstances had resulted and that it was in the best interest of the children to designate appellee as the custodial parent to remedy the situation. Appellee also moved for a modification of child support and filed a motion to show cause why appellant should not be held in contempt for failure to comply with the shared-parenting agreement.
 {¶ 3} The case was referred for mediation and the parties reached a temporary agreement. That agreement was approved and adopted by the trial court on March 11, 2008. In particular, the court ordered that appellee would be designated as the primary parent and that appellant would have visitation at specific times set forth in the order, but that no overnight visitation would be allowed with the youngest child until he expressed comfort in staying overnight.
 {¶ 4} On March 14, 2008, appellant filed a notice of termination of the mediation agreement because there had been no meeting of the minds. Appellee interpreted the agreement as not allowing for vacation time between appellant and his children and appellant believed that the agreement allowed for such vacation visitation. Appellant *Page 3 
later filed a motion for a change of custody to name himself as the custodial parent. He also sought overnight visitation with the children.
 {¶ 5} Appellee later filed a motion to show cause on May 20, 2008, after appellant failed to return the children as scheduled despite their request to return to appellee. Appellee also filed a motion to modify the prior consent judgment entry on June 3, 2008, to clarify that appellant is not to have overnight visitation until further order of the court. Attached to the motion was a copy of the police report indicating that the children expressed a desire to return home and a letter from the guardian ad litem to the attorneys for the parties indicating that this incident had been very stressing to the children. While she had not concluded her investigation of the matter, the guardian ad litem stated that the children's opposition to staying with their father is genuine even if the causes are unknown at the current time.
 {¶ 6} The court ordered on June 6, 2008, that appellant's visitation with the children was to be alternating weekends from 10:00 a.m. to 8:00 p.m. each day and every Wednesday from 4:00 p.m. until 7:00 p.m., thereby eliminating any overnight visitation.
 {¶ 7} In his sole assignment of error, appellant argues that the trial court abused its discretion when it granted appellee's request without a hearing or without giving appellant an opportunity to respond. However, in his supporting brief, appellant raised only the issue of whether the trial court's June 6, 2008 order is a final order.
 {¶ 8} Appellee argues that the June 6, 2008 judgment is not a final order because it does not affect a substantial right because it is a temporary order, pending continued hearing and final resolution of all of the pending motions. Appellant argues that it is a *Page 4 
final order because he has no other opportunity to challenge the court's ex parte emergency order.
 {¶ 9} Although the court did not indicate in the June 6, 2008 judgment that it was a temporary modification of visitation rights, it is clear from the record that this was the court's intent. Judgments are to be interpreted like any other written instrument with the purpose of giving the language its ordinary meaning. Sauerwein v. Sauerwein (Feb. 2, 1996), 6th Dist. No. L-95-084, at 4. If the judgment is unclear or ambiguous, the entire record may be examined for purposes of construing the language. Joyce v. General Motors Corp. (1990), 49 Ohio St.3d 93, paragraph one of the syllabus, and Sauerwein, supra.
 {¶ 10} The children in this case had been subject to two traumatic removals from their father's home because he refused to return them at the times designated in the March 11, 2007 consent judgment entry. Part of the problem was caused by the language of that order, which provided for overnight visitation if the youngest child expressed a desire to stay overnight with appellant. Appellant asserts that the child did express a desire to stay, while the officers who questioned the children indicated that both children wanted to return to appellee. It is clear from both appellee's motion and the guardian ad litem's letter that no one knows the reason why the children are upset about staying overnight with appellant. It is clear, however, that the guardian ad litem is investigating the matter.
 {¶ 11} Under the circumstances, we find that it is clear that the trial court sought to eliminate the conditional language of the consent judgment entry to eliminate any further traumatic episodes regarding the father's visitations pending a final resolution of the *Page 5 
problem. Appellant's motion to modify the March 11, 2008 consent judgment entry was still pending. We also note that court did not modify appellant's visitation rights, as appellant did not have a right to overnight visitation unless the youngest child agreed. The change to the order only eliminated the right of the child to make the determination of whether he would stay overnight.
 {¶ 12} Appellant's claim that he can never appeal from the trial court's action is erroneous. All temporary orders become final once a final judgment is entered in the action. The issue of visitation can be addressed when a final order is entered. Furthermore, if appellant believed that the trial court was acting outside of its jurisdiction, there are legal remedies available to him.
 {¶ 13} Because we interpret the June 6, 2008 order to be, at most, a temporary change in visitation rights, and not a modification of visitation, we find that the judgment was an interim order and not a final, appealable order. O'Brien v. O'Brien (Jan. 25, 2001), 8th Dist. No. 77788, at 2, and Williams v. Williams, 11th Dist. No. 2002-T-0101,2004-Ohio-3992, ¶ 11.
 {¶ 14} Because the judgment sought to be appealed is not a final, appealable order, we lack jurisdiction to consider this appeal. R.C. 2505.02. This appeal is hereby ordered dismissed at appellant's costs.
 APPEAL DISMISSED. *Page 6 
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
Peter M. Handwork, J., Mark L. Pietrykowski, J., Thomas J. Osowik, J., Concur. *Page 1