[Cite as *Day v. Day*, 2010-Ohio-5266.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
LAWRENCE COUNTY

| | | |
|---|---|---|
| KATHY S. DAY, | : | |
| Plaintiff-Appellant, | : | Case No. 10CA18 |
| vs. | : | |
| LARRY DAY, | : | DECISION AND JUDGMENT ENTRY |
| Defendant-Appellee. | : | |

_____

APPEARANCES:

COUNSEL FOR APPELLANT:   J. Roger Smith II, 6 Norway Avenue, Huntington,
West Virginia 25705

COUNSEL FOR APPELLEE:   Brenda K. Neville, P.O. Box 638, Chesapeake, Ohio
45619, and Chad Hatcher, 636 Fifth Avenue,
Huntington, West Virginia 25701

_____

CIVIL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALIZED: 10-25-10

ABELE, J.

{¶ 1}   This is an appeal from a Lawrence County Common Pleas Court "judgment" that restored the child-visitation rights of Larry Day, defendant below and appellee herein, and ordered the children to undergo a psychological evaluation.

{¶ 2}   Kathy S. Day (nka Moore), plaintiff below and appellant herein, raises the following assignment of error for review:

"THE LAWRENCE COUNTY COMMON PLEAS COURT
COMMITTED ERROR AND/OR A CLEAR ABUSE OF ITS

DISCRETION IN THIS CASE BY ORDERING THAT THE PLAINTIFF/APPELLANT MUST MAKE THE PARTIES' MINOR CHILDREN AVAILABLE FOR A PSYCHOLOGICAL EVALUATION AND RESUME UNSUPERVISED VISITATION WITH THE DEFENDANT/APPELLEE NOTWITHSTANDING AN ONGOING FEDERAL CRIMINAL INVESTIGATION BY THE F.B.I. AND THE U.S. ATTORNEY FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA, INTO ALLEGATIONS OF SEXUAL ABUSE OF THE PARTIES' MINOR CHILDREN BY THE DEFENDANT/APPELLEE AND/OR HIS FATHER, WITH WHOM THE DEFENDANT/APPELLEE IS BELIEVED TO RESIDE OR SPEND FREQUENT TIME WITH, AND SUCH ORDER AS ENTERED BY THE LAWRENCE COUNTY COMMON PLEAS COURT REQUIRING THE PARTIES' MINOR CHILDREN TO ATTEND AND PARTICIPATE IN A PSYCHOLOGICAL EVALUATION AND ALSO VISIT WITH THE DEFENDANT/APPELLEE DURING THE PENDENCY OF THE AFORESAID FEDERAL CRIMINAL INVESTIGATION IS CLEARLY NOT IN THE CHILDREN'S BEST INTERESTS."

**{¶ 3}** The parties have been involved in protracted domestic relations litigation since 2002. On June 23, 2003, the trial court granted the parties a divorce and designated appellant the residential parent of the parties' children (born September 25, 1997 and December 16, 1999). The court granted appellee "liberal parenting times with the children, but no less than as set forth in the Lawrence County Court of Common Pleas Local Rule 53 schedule, after a period of supervised contacts with the children, which shall begin within two weeks and upon the recommendations of the children's therapist."

I.

**{¶ 4}** The following events that led to the current controversy are briefly summarized below and listed in chronological order:

**{¶ 5}**   June 27, 2003 - Appellee filed a motion for contempt and a motion for custody and alleged that appellant failed to abide by the agreement to encourage reunification between appellee and the children.

**{¶ 6}**   July 9, 2003 - The trial court dismissed appellee's motion.

**{¶ 7}**   July 22, 2003 - Appellee filed a motion "for a hearing to review the status of visitation and for an order to expedite visitation, for an order granting him photographs of the children, an order that the plaintiff/mother provide to him the children's current address and telephone number, and the name and location of the oldest child's school for the upcoming school year."   Appellee alleged that he has not seen the children in over one year and that appellant did not comply with the divorce decree's mandate to reunify the children with appellee.

**{¶ 8}**   August 11, 2003 - The magistrate approved the parties' agreement that appellee have an initial visit with the children on August 20, 2003.

**{¶ 9}**   September 12, 2003 - Appellee filed a motion that requested the court to review the visitation order and to consider granting him standard visitation.

**{¶ 10}** October 8, 2003 - The magistrate granted appellee's motion and directed that standard visitation begin.

**{¶ 11}** October 21, 2003 - Appellant objected to the magistrate's decision that standard visitation begin.

**{¶ 12}** October 23, 2003 - Appellee filed a motion requesting the court hold appellant in contempt for failing to comply with the court's order granting him standard visitation.

{¶ 13} November 5, 2003 - The magistrate found appellee in contempt and fined her $250.

{¶ 14} November 12, 2003 - Appellant objected to the magistrate's decision that found her in contempt.

{¶ 15} December 4, 2003 - Appellee filed a motion to designate an independent psychologist to evaluate the children and a motion to increase his visitation time with the children.

{¶ 16} March 24, 2004 - The magistrate recommended a "progressive visitation schedule."

{¶ 17} June 18, 2004 - Appellee filed a motion to review the current visitation schedule and requested the court grant him standard visitation.

{¶ 18} July 24, 2004 - The magistrate granted appellee's request for standard visitation.

{¶ 19} October 7, 2004 - The trial court adopted the magistrate's decision.

{¶ 20} February 14, 2006 - Appellee filed a motion to modify parenting time.   He alleged that on February 10, 2006, appellant obtained an emergency protective order from Cabell County, West Virginia that included the children.   Appellee asserted that the order effectively denied him the court-ordered visitation.

{¶ 21} May 11, 2006 - Appellee requested the court find appellant in contempt for failing to comply with the court's parenting time order.

{¶ 22} May 23, 2006 - Appellant requested the court to (1) require appellee to be present during his visitation time with the parties' children; (2) admonish appellee and

his parents to stop interfering with the children's access to appellant during appellee's visitation time; and (3) admonish appellee's parents to stop discussing or suggesting that the children live with appellee and to stop discussing child support with the children.

**{¶ 23}** November 28, 2006 - The court dismissed the case "for lack of prosecution."

**{¶ 24}** December 20, 2006 - Appellee filed a motion to find appellant in contempt for failing to comply with the court's parenting time schedule.

**{¶ 25}** February 2, 2007 - Appellee again filed a motion in contempt for the failure to comply with the parenting time schedule.

**{¶ 26}** February 8, 2007 - Appellee filed a motion that requested the court review the medical treatment of A.D. and for an order permitting appellee to have the child examined by an independent medical provider.

**{¶ 27}** March 1, 2007 - The magistrate declined to find appellant in contempt and ordered appellee's parenting schedule to continue as previously-ordered.   The magistrate granted appellee's motion to review the child's medical treatment and to have an independent psychiatrist evaluate the child.

**{¶ 28}** March 9, 2007 - Appellant objected to the magistrate's decision that continued appellee's parenting time.

**{¶ 29}** April 12, 2007 - The trial court overruled appellant's objections.

**{¶ 30}** November 19, 2008 - Appellee filed a motion that requested the court to hold a hearing to address his concerns regarding his parenting time.   Appellee

observed that appellant obtained an emergency protective order that prohibited appellee from having any contact with him.

{¶ 31} May 7, 2009 - The magistrate granted appellee's request for increased parenting time.

{¶ 32} May 12, 2009 - Appellee filed a motion that requested the court to restore his regular parenting time schedule.

{¶ 33} May 18, 2009 - Appellant filed a response to appellee's motion and requested the court to hold an evidentiary hearing. She alleged that: (1) appellee has not had any contact with the children as a result of his consent to the domestic violence protection order entered against him; (2) appellee "was offered supervised visitation by [appellant] and the Cabell County Family Court while the said D.V.P. was in effect but he has refused the same, and even refused to see his children at Christmas time, so [appellee's] allegation in his Motion that he 'has not had any form of contact with his children since November 6, 2008' is his own fault and not the fault of [appellant]"; and (3) appellant has not received official word that the criminal investigation into appellee has been concluded.

{¶ 34} September 28, 2009 - The trial court overruled appellant's objection regarding the magistrate's order restoring appellee's parenting time.

{¶ 35} September 30, 2009 - Appellant filed an emergency motion that requested the court to stay implementation of its judgment restoring appellee's parenting time.

{¶ 36} October 1, 2009 - The trial court adopted the magistrate's May 7, 2009 decision.

**{¶ 37}** October 27, 2009 - Appellee filed a motion requesting the court to find appellant in contempt of the court's order restoring his parenting time.

**{¶ 38}** October 30, 2009 - Appellant filed a motion to dismiss the contempt hearing or to continue the hearing.   Appellant attached "an Order from the Circuit Court of Cabell County, West Virginia, * * * prohibiting [appellee] from having any contact with [the children] until the criminal investigation being conducted by the F.B.I. is completed and, as such, [appellant] is under Court Order not to allow visitation by [appellee] given the serious and graphic nature of the F.B.I. investigation."

**{¶ 39}** November 6, 2009 - The magistrate continued the matter.

**{¶ 40}** January 12, 2010 - Appellee filed a motion to modify the allocation of parental rights and responsibilities set forth in the June 2003 divorce decree.   He requested the court to designate him the residential parent of the minor children.   He asserted that there has been a "passage of time and considerable changes in the children's lives" and that "the children have been manipulated and exploited by [appellant] since the initial divorce filing in February 2002. [Appellant's] malicious accusations and her actions have resulted in [appellee] losing a total of three years of time with his children during the past seven and a half years."   As of the filing of the motion, appellee had not seen the children in thirteen months.

**{¶ 41}** January 22, 2010 - The magistrate ordered that the children be made available for psychological evaluation and ordered that appellee have his regular visitation schedule reinstated.     February 3, 2010 - Appellant filed an objection to the magistrate's decision.

{¶ 42} March 23, 2010 - The trial court adopted the magistrate's decision.   This appeal followed.

II.

{¶ 43} In her sole assignment of error, appellant asserts that (1) the trial court abused its discretion by ordering unsupervised visits with appellee during the time that appellee is the subject of a criminal sexual abuse investigation; and (2) because appellee has had no contact with the children in approximately 18 months, the trial court should have ordered a phased-in, supervised visitation.

{¶ 44} Before we review the merits of appellant's argument, we must first consider a threshold jurisdictional issue.   An Ohio appellate court's jurisdiction over trial court judgments extends only to final orders.   Ohio Const. Art. IV, Section 3(B)(2). Section 2505.02(B)(2) defines "a final order that may be reviewed, affirmed, modified, or reversed" as one that "affects a substantial right made in a special proceeding * * * ."  "An order affects a substantial right if, in the absence of an immediate appeal, one of the parties would be foreclosed from appropriate relief in the future."   Koroshazi v. Koroshazi (1996), 110 Ohio App.3d 637, 640, 674 N.E.2d 1266, citing Bell v. Mt. Sinai Med. Ctr. (1993), 67 Ohio St.3d 60, 63, 616 N.E.2d 181.   To constitute a final order, the order must dispose of the whole case or some separate and distinct branch thereof.  See, e.g., Noble v. Colwell (1989), 44 Ohio St.3d 92, 94, 540 N.E.2d 1381.

{¶ 45} Generally, temporary or interim orders in child custody and related proceedings that remain subject to modification pending a final ruling do not constitute final appealable orders under R.C. 2505.02(B).   See Overmyer v. Halm, Sandusky

App. No. S-08-021, 2009-Ohio-387, at ¶13 (finding the trial court's order temporarily modifying father's visitation rights is not a final appealable order of modification of visitation, but instead an interim order); Shaffer v. Shaffer, Paulding App. No. 11-04-22, 2005-Ohio-3884, at ¶8 (finding a temporary order allocating custody to husband is not a final judgment from which appeal could be taken).   In contrast, when an order does not contemplate further action and no other related issues remain pending, the order generally constitutes a final order.   See In re H.T.-W., Lucas App. No. L-10-1027, at ¶7; see, also, Christian v. Johnson, Summit App. No. 24327, 2009-Ohio-3863.   For example, an order that changes the permanent custody of a child affects a substantial right and is a final order.   See State ex rel. Papp v. James (1994), 69 Ohio St.3d 373, 379, 632 N.E.2d 889.

{¶ 46} In the case sub judice, the trial court's decision to adopt the magistrate's decision that requires the children to submit to psychological testing and restore appellee's visitation rights is an interim order that the court issued until it renders a final decision regarding appellee's motion to modify the prior allocation of parental rights and responsibilities.   Thus, the trial court's decision remains subject to further revision upon resolution of appellee's motion for custody and modification.

{¶ 47} Accordingly, because the trial court's decision at issue is not a final adjudication of appellee's motion to modify and does not resolve all issues presently pending before the court, we therefore lack jurisdiction to consider the trial court's decision and must dismiss this appeal.[1]

---

[1] We observe that the trial court can certainly consider instituting a phased-in or supervised visitation schedule until it has an opportunity to fully assess the situation

APPEAL DISMISSED.

JUDGMENT ENTRY

It is ordered that the appeal be dismissed and that appellee recover of appellant

with the children and until it rules on appellee's motion to modify.   It appears that the children have not visited appellee in a significant period of time.   While we have sympathy with the appellee's plight in this matter, we are aware that a court's primary responsibility lies in the best interest of the children.   Thus, the trial court may, if it determines such action is warranted, review this particular aspect of its temporary order.

the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Lawrence County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

McFarland, P.J. & Harsha, J.: Concur in Judgment & Opinion

For the Court

BY:_____
Peter B. Abele, Judge

**NOTICE TO COUNSEL**

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.