[Cite as *Byler v. Dingman*, 2015-Ohio-3547.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# GEAUGA COUNTY, OHIO

| | | |
|---|---|---|
| TAMMY BYLER, | : | **MEMORANDUM OPINION** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2015-G-0020** |
| JULIE DINGMAN, | : | |
| Defendant-Appellant. | : | |

Civil Appeal from the Geauga County Court of Common Pleas, Juvenile Division, Case No. 14 PN 000343.

Judgment: Appeal dismissed.

*Tammy Byler*, pro se, 18009 Madison Road, Middlefield, OH 44062 (Plaintiff-Appellee).

*David N. Patterson*, 33579 Euclid Avenue, Willoughby, OH 44094-3199 (For Defendant-Appellant).

COLLEEN MARY O'TOOLE, J.

{¶1} This appeal emanates from the Geauga County Court of Common Pleas, Juvenile Division. On May 21, 2015, appellant, Julie Dingman, by and through counsel of record, filed a notice of appeal from an April 20, 2015 judgment entry.

{¶2} The docket in this matter reveals that appellee, Tammy Byler, the paternal grandmother of the minor child, filed a complaint against appellant, the mother of the minor child, for custody and visitation. As a result of a March 19, 2015 pretrial, the trial court issued an entry on April 20, 2015. In that entry, the trial court ordered that a home

study be done through the Geauga County Job and Family Services prior to any grandparent visitation, and it set out a schedule for two visitations between appellee and the minor child. The trial court also set the matter for another pretrial on June 8, 2015. It is from that entry that appellant filed the instant appeal.

{¶1} App.R. 3(A) expressly states that the only jurisdictional requirement for the filing of a valid appeal is to file a notice of appeal within the time allowed by App.R. 4. The Supreme Court of Ohio has held that the failure to comply with the time requirements of App.R. 4(A) is a jurisdictional defect, which is fatal to an appeal. *In re H.F.*, 120 Ohio St.3d 499, 2008-Ohio-6810, ¶ 17, citing *State ex rel. Pendell v. Adams Cty. Bd. of Elections*, 40 Ohio St.3d 58, 60 (1988).

{¶2} App.R. 4(A)(1) states that, "[s]ubject to the provisions of App.R. 4(A)(3), a party who wishes to appeal from an order that is final upon its entry shall file the notice of appeal required by App.R. 3 within 30 days of that entry." Further, "[i]n a civil case, if the clerk has not completed service of the order within the three-day period prescribed in Civ.R. 58(B), the 30-day periods referenced in App.R. 4(A)(1) and 4(A)(2) begin to run on the date when the clerk actually completes service." App.R. 4(A)(3).

{¶3} Civ.R. 58(B) directs the clerk of courts to serve the parties with notice of the judgment within three days of entering the judgment upon the journal.

{¶3} The record in this case shows that the order from which appellant wishes to appeal was entered on the court's docket and filed on April 20, 2015. Furthermore, on that same date, the clerk of courts noted on the appearance docket that copies of the entry were mailed to the parties.

{¶4}    Thus, service was made on appellant within the three day period required in Civ.R. 58(B), and the thirty day time period began to run on the date of entry of judgment, April 20, 2015.   Accordingly, the deadline for appellant to file her notice of appeal was May 20, 2015, which was not a holiday or a weekend.  This court is not empowered to extend the time deadline in civil cases.  *Pendell*, *supra*, at 60; *see also* App.R. 14(B).  Appellant untimely filed her notice of appeal on May 21, 2015.

{¶5}    Furthermore, even if appellant had timely filed her notice of appeal, it does not appear that the April 20, 2015 judgment entry was a final appealable order.   In general, interim orders regarding visitation and custody are not final appealable orders since they are subject to the trial court's further revision at the conclusion of the case. *See Day v. Day,* 4th Dist. No. 10CA18, 2010-Ohio-5266, ¶45 and 46.

{¶6}    Based upon the foregoing analysis, this appeal is hereby dismissed, sua sponte, pursuant to App.R. 4(A).

{¶7}    Appeal dismissed.


TIMOTHY P. CANNON, J.,

CYNTHIA WESTCOTT RICE, J.,

concur.