KOROSHAZI, Appellee,

v.

KOROSHAZI, Appellant.

[Cite as *Koroshazi v. Koroshazi* (1996), 110 Ohio App.3d 637.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 17487.

Decided May 1, 1996.

638

*William Howard* and *Corina S. Gaffney,* for appellee George Koroshazi.

*Melissa Graham–Hurd,* for appellant Vivian Koroshazi.

DICKINSON, Judge.

Vivian Koroshazi has attempted to appeal from an order of the Summit County Common Pleas Court, Domestic Relations Division, that reduced the obligation of her former husband, George Koroshazi, to pay child support. This court dismisses her appeal because the order from which she has attempted to appeal was not a "final appealable order" within the meaning of R.C. 2505.02.

## I

On September 8, 1993, the Summit County Common Pleas Court, Domestic Relations Division, issued a divorce decree terminating the marriage of Vivian and George Koroshazi. As part of the divorce decree, the court allocated sole parental rights and responsibilities over the parties' children to Ms. Koroshazi, and ordered Mr. Koroshazi to pay $760 per month in child support. During May 1995, Mr. Koroshazi moved the domestic relations court for an order reducing his child support obligation and making him the permanent residential parent of the minor children. The matter was referred to a referee, who recommended that Mr. Koroshazi's child support obligation be decreased. The referee recommended that the remaining custody matter be referred to Family Court Services. The trial court adopted the referee's recommendations on July 3, 1995, and stayed the enforcement of the order pending filing of objections by Ms. Koroshazi. On September 8, 1995, the trial court overruled Ms. Koroshazi's objections and ordered that the previously granted stay be released. Ms. Koroshazi attempted to appeal that order to this court.

## II

Under Section 3(B), Article IV of the Ohio Constitution, this court has jurisdiction to hear appeals from judgments or "final orders." R.C. 2505.02 defines "final orders" as (1) "[a]n order that affects a substantial right in an action which in effect determines the action and prevents a judgment" or (2) "an order that affects a substantial right made in a special proceeding." In this case, the order from which Ms. Koroshazi attempted to appeal did not determine the action because it did not adjudicate all the issues raised by Mr. Koroshazi. When the domestic relations court adopted the referee's recommendations, it ordered that Mr. Koroshazi's child support obligation be decreased. It also, however, referred the remaining custody issue to Family Court Services and scheduled a "custody status hearing." Inasmuch as the custody issue remains unresolved, the order from which Ms. Koroshazi has attempted to appeal did not determine the action.

Nor did the reduction of Mr. Koroshazi's child support obligation affect a substantial right in a special proceeding. In *Polikoff v. Adam* (1993), 67 Ohio St.3d 100, 616 N.E.2d 213, the Ohio Supreme Court established a new standard for determining what constitutes a special proceeding. In adopting this new standard, the Supreme Court overruled the "balancing test" it had previously established in *Amato v. Gen. Motors Corp.* (1981), 67 Ohio St.2d 253, 21 O.O.3d 158, 423 N.E.2d 452, and substituted in its place the "classical view" of special proceedings. Gitlin, Special Proceedings in Ohio: What is the Ohio Supreme

Court Doing with the Final Judgment Rule? (1993), 41 Cleve.St.L.Rev. 537, 564. The Supreme Court held:

"Orders that are entered in actions that were recognized at common law or in equity and were not specially created by statute are not orders entered in special proceedings pursuant to R.C. 2505.02." *Polikoff,* 67 Ohio St.3d 100, 616 N.E.2d 213, at syllabus.

Thus, to qualify as a special proceeding, the action must be one that was not recognized at common law or in equity and the purported special proceeding must statutorily specify the "step-by-step procedures to be utilized." 41 Cleve. St.L.Rev. at 560, quoting *Tilberry v. Body* (1986), 24 Ohio St.3d 117, 122, 24 OBR 308, 312–313, 493 N.E.2d 954, 958–959 (Douglas, J., dissenting). See, also, *Haskins v. Haskins* (1995), 104 Ohio App.3d 58, 60, 660 N.E.2d 1260, 1261–1262.

The Ohio Supreme Court recently determined that a divorce and the ancillary claims for custody were "special statutory proceedings." *State ex rel. Papp v. James* (1994), 69 Ohio St.3d 373, 379, 632 N.E.2d 889, 894–895. An order entered in such a proceeding that affects a substantial right, therefore, would qualify as a final appealable order under R.C. 2505.02. In this case, however, the order modifying Mr. Koroshazi's child support obligation did not affect a substantial right.

■ An order affects a substantial right if, in the absence of an immediate appeal, one of the parties would be foreclosed from appropriate relief in the future. *Bell v. Mt. Sinai Med. Ctr.* (1993), 67 Ohio St.3d 60, 63, 616 N.E.2d 181, 183–184, modified by *Moskovitz v. Mt. Sinai Med. Ctr.* (1994), 69 Ohio St.3d 638, 635 N.E.2d 331. There has been no showing that Ms. Koroshazi would be denied the ability to obtain effective relief by being required to raise her argument that the domestic relations court incorrectly reduced her former husband's child support obligation after that court determines whether there should be a change in custody.

### III

The order from which Ms. Koroshazi has attempted to appeal was not a final appealable order. Accordingly, her appeal is dismissed.

*Appeal dismissed.*

Reece, P.J., and Slaby, J., concur.