DECISION AND ENTRY
The above-captioned matter is pending before this court on defendant-appellant Doreen A. Worch's appeal from an order requiring her to pay her former husband, plaintiff-appellee David L. Worch, $156.97 per month in child support. On May 11, 1999, this court issued a Show Cause Entry, ordering Doreen to explain why this appeal should not be dismissed for lack of a final appealable order. On May 25, 1999, Doreen filed a Response to Show Cause Entry. On June 1, 1999, Doreen filed a Motion by Appellant for Leave to Correct Mistake in Trial Court Judgment.
The relevant facts and procedural history of this matter are as follows: David and Doreen Worch were granted a dissolution of marriage in May, 1986. They had three children during their nine-year marriage: Jeremy, born December 5, 1981; Christopher, born September 30, 1983; and Stacie, born December 9, 1984. The parties were initially given joint custody of their three children. However, this arrangement was terminated in April, 1991, at which time Doreen was given sole custody of the children, and David was ordered to pay Doreen $361 per month in child support. In 1992, David's child support obligation was increased to $103.19 per week, because the children were not spending the summer with him as contemplated under the prior order.
On August 17, 1995, Jeremy began living with his father. In May, 1996, Doreen filed a motion, requesting, among other things, a modification of child support. In September, 1996, Doreen filed a second motion, requesting that the trial court adopt her proposed Shared Parenting Plan with respect to Jeremy. In November, 1996, David filed a motion requesting that the trial court designate him as Jeremy's residential parent and legal custodian, and grant him an allowance for Jeremy's support, made retroactive to August 17, 1995. David subsequently obtained new counsel, who filed a motion in December, 1997, similar to the one filed by his predecessor.
The motions were referred to a magistrate, who determined that the income reported on David's 1995 and 1996 income tax returns, adjusted for depreciation, should be used for purposes of calculating child support. The magistrate further found that David should be named Jeremy's residential parent and legal custodian. The magistrate completed a preliminary child support worksheet, indicating that Doreen should pay David $156.97 per month for child support. After noting that no evidence had been presented regarding Doreen's present health insurance costs or David's child support obligations for the other children, the magistrate instructed the parties to provide both of these amounts before final entry, so that child support could be calculated accurately.
Doreen filed objections to the magistrate's decision, arguing that the magistrate had erred by using the income figures on David's 1995 and 1996 tax returns for purposes of calculating child support, because David, allegedly, had substantially underreported his earnings for those years. The trial court overruled Doreen's objection, and adopted the magistrate's decision as its order. Doreen appealed the trial court's order to this court.
On May 11, 1999, this court issued a show cause order to Doreen, ordering her to explain why her appeal should not be dismissed on grounds that the order she was appealing from was not final and appealable, since it did not address the issues regarding Doreen's health insurance costs or David's child support obligations for the other children. Doreen filed a response to the show cause order on May 25, 1999, arguing that the trial court's order was final and appealable. On June 1, 1999, Doreen moved this court for leave to file a Civ.R. 60(A) motion in the trial court to correct a mistake in its judgment entry while her appeal to this court remains pending.
The trial court's judgment entry stated, incorrectly, that the magistrate "recommended that Doreen pay David child support of $156.97." As noted, the $156.97 figure mentioned by the magistrate was merely a preliminary computation of the amount of child support that Doreen was obligated to pay David for Jeremy's support. The parties did not comply with the magistrate's instructions to provide "the correct amounts for health insurance and child support paid for other children so that a more accurate child support worksheet c[ould] be completed." Thus, the trial court did not issue a final order regarding the amount of child support Doreen was required to pay David.
In her response to the show cause order, Doreen argues that the issues of her health insurance costs, and David's child support obligations for the other children are not relevant to the issues she is raising on appeal, to wit: that the trial court erred in determining David's income for purposes of calculating child support. Doreen acknowledges that the trial court neglected to obtain information from the parties regarding health insurance costs and child support paid for other children, but contends that the trial court can address these issues after this appeal has been determined. Thus, Doreen contends, the trial court's order was final and appealable. We disagree.
Section 3(B)(2), Article IV of the Ohio Constitution provides, in relevant part, that "[c]ourts of appeals shall have such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district * * *." R.C. 2505.03(A) provides, in relevant part, that "[e]very final order, judgment, or decree of a court * * * may be reviewed on appeal by a court of common pleas, a court of appeals, or the supreme court, whichever has jurisdiction." Whether an order is "final" is dependent upon whether it falls within one of the categories enumerated in R.C. 2505.02(B). If an order from which an appeal has been taken is not final, then an appellate court has no jurisdiction to review it, and the appeal must be dismissed.Davison v. Rini (1996), 115 Ohio App.3d 688, 692. If the parties involved in the appeal fail to raise this jurisdictional issue, then a court of appeals must raise it sua sponte. Id.
Here, there are only two categories of final orders listed in R.C. 2505.02(B) that Doreen's appeal could arguably fall under, since the remaining categories are plainly inapplicable to the facts of this case.
First, R.C. 2505.02(B)(1) provides that an order is final if it "affects a substantial right in an action that in effect determines the action and prevents a judgment." The only remaining "action" involved here concerns the parties' cross motions for modification of child support with respect to Jeremy. However, the trial court's order does not "in effect determine th[at] action," since it does not constitute a final child support order. While the parents' incomes are obviously the most important figures in calculating child support, they are not the only figures relevant to computing that amount. The amounts the parties pay for health insurance and child support are also facts that must be determined before a final child support order can be issued. See lines 7, 19, and 23 of the child support worksheet contained in R.C. 3113.215(E).
Although the amount that Doreen pays for health insurance and the amount David pays for child support for the other children will not be affected by a review of the trial court's factual determinations regarding David's income, these amounts will affect the amount of child support ordered in this case. Therefore, no final child support order can be rendered without those figures. Moreover, Doreen cannot appeal from the trial court's factual finding regarding David's income, since neither Section 3(B)(2), Article IV of the Ohio Constitution, nor R.C. 2505.03(A) provide courts of appeals with authority to review a trial court's factual determinations per se. Instead, Doreen can only appeal from a final order regarding child support, if and when one is issued. Once a final order on child support has been issued, Doreen may challenge the factual findings on which the order was predicated, including David's income. However, allowing parties like Doreen to appeal from the trial court's factual findings, without waiting for the trial court to issue a final order, would permit the piecemeal litigation of appeals, which is precisely what the final appealable order rule is designed to avoid.
Second, R.C. 2505.02(B)(2) provides, in relevant part, that an order is final if it "affects a substantial right made in a special proceeding." R.C. 2505.02(B)(2). The trial court's order does not fit under this category either. "`Special proceeding' means an action or proceeding that is specially created by statute and that prior to 1853 was not denoted as an action at law or a suit in equity." R.C. 2505.02(A)(2). Motions to modify child support are special proceedings. Koroshazi v. Koroshazi (1996),110 Ohio App.3d 637, 640. Nevertheless, the trial court's order does not "affect a substantial right." An order "affects a substantial right" if, in the absence of an immediate appeal, the appellant would be foreclosed from obtaining appropriate relief in the future. Id. Here, Doreen would not be foreclosed from obtaining appropriate relief in the future, because she could bring an appeal after a final child support order has been issued. In light of the foregoing, there is no final appealable order in this case, and this appeal must be dismissed for lack of jurisdiction.
Finally, because there is no final appealable order in this case, this court has no jurisdiction to rule on any aspect of the controversy, including Doreen's request for leave to file a Civ.R. 60(A) motion in the trial court to correct a mistake in the trial court's judgment entry. Doreen is free, nevertheless, to request that the trial court take any action necessary to make its order final and appealable.
Doreen's appeal and motion for leave to file a Civ.R. 60(A) motion in the trial court to correct a mistake in its judgment are dismissed for lack of jurisdiction.
IT IS SO ORDERED.
 ___________________________________ JAMES A. BROGAN, Judge
 ___________________________________ WILLIAM H. WOLFF, JR., Judge
 ___________________________________ MIKE FAIN, Judge
Copies mailed to:
Carl Anthony Cramer
Scott D. Rudnick
Hon. Jonathan P. Hein