This matter comes before the Court sua sponte on consideration of whether we have jurisdiction to consider the merits of this appeal. On January 24, 2000, the trial court issued a "Judgment Entry" that: (1) finds appellee voluntarily dismisses his motion for contempt; (2) continues the hearing on appellee's motion for attorney fees; (3) grants appellant's motions for continuance of the hearings on her motions for Civ.R. 60 (B) relief from judgment and to modify support and custody; (4) finds appellant in contempt and schedules her sentencing hearing for March 31, 2000; and, (5) grants judgment to appellee from appellant in the amount of $49,999.60.
Upon consideration of the jurisdictional memoranda filed by both parties concerning the issue of whether the January 24th judgment is a final appealable order, we conclude that this Court does not have jurisdiction to consider the merits of this appeal. Appellate courts in Ohio have jurisdiction to review the final orders or judgments of lower courts within their districts. Section 3 (B) (2), Article IV, Ohio Constitution; R.C. 2501.02;Prod. Credit Assn. v. Hedges (1993), 87 Ohio App.3d 207,210, 621 N.E.2d 1360, 1362 at fn. 2; Kouns v. Pemberton
(1992), 84 Ohio App.3d 499, 501, 617 N.E.2d 701,702. If an order is not final and appealable pursuant to R.C. 2505.02, a court of appeals does not have jurisdiction to consider the matter.
A final appealable order is one that, inter alia, affects a substantial right in a special proceeding or is made upon summary application in an action after judgment. R.C. 2505.02 (B) (2). Both of these definitions apply to the case sub judice. Motions to modify child support, custody, and contempt are special proceedings. Koroshazi v. Koroshazi (1996), 110 Ohio App.3d 637,640, 674 N.E.2d 1266 (modification of support) and Riley v. Riley
(May 11, 2000), Jackson App. No. 99CA851, unreported, citingState v. Timson (1974), 38 Ohio St.2d 122, 311 N.E.2d 16
(contempt). The remaining motions, for relief from judgment and attorney fees, were made upon summary application after judgment. A question common to all of the issues addressed in the January 24th judgment is whether substantial rights are affected. An order affects a substantial right "if, in the absence of an immediate appeal, the appellant would be foreclosed from obtaining appropriate relief in the future." Koroshazi v.Koroshazi, 110 Ohio App.3d at 640, 674 N.E.2d at 1268 (citations omitted).
In the case sub judice. appellant contends that the January 24th judgment is a final order because the judgment in the amount of $49,999.60 that she is ordered to pay appellee affects her substantial rights. However, the money judgment is one of the issues that appellant raised in her, as yet unresolved, Civ.R. 60 (B) motion for relief from judgment. This issue appears to be inextricably intertwined with the remaining issues raised in appellant's Civ.R. 60 (B) motion, to wit: custody, computation of the previous awards of spousal support and child support, and ineffective assistance of counsel. Therefore, all of the issues involved in determining the amount of money that appellant owes appellee are undecided. Parenthetically, we note that the trial court did not include the Civ.R. 54 (B) "no just reason for delay" language that must be included to bestow appealability on a judgment that does not resolve all of the claims of all the parties. We find that the money judgment against appellant and appellant's motion for relief from judgment are so interrelated and connected that judicial economy demands that they be determined in a final decision before we can assume jurisdiction of this appeal. Ollick v. Rice (1984), 16 Ohio App.3d 448,476 N.E.2d 1062; Tremper v. Hahn (April 15, 1993), Hocking App. No. 92CA2. In addition, the January 24th judgment continues appellant's additional motion to modify custody and support for further hearing. An order that does not determine the entire care and keeping of children claim is not a final appealable order.Kouns v. Pemberton (1992), 84 Ohio App.3d 499, 617 N.E.2d 701.
The entire contempt claim also remains unresolved. Although the January 24th judgment finds appellant guilty of contempt, the sentencing hearing was continued until a later date. The record reflects that the penalty phase of this proceeding is still pending. An adjudication of contempt without the imposition of a sanction or penalty is not a final appealable order. Cooper v.Cooper (1984), 14 Ohio App.3d 327, 471 N.E.2d 525.
Finally, the January 24th judgment continues appellee's motion for attorney fees until a further hearing is scheduled. A judgment which defers the amount of attorney fees to be awarded until a later date is not a final appealable order. Ft. FryeTeachers Assn. et al. v. Ft. Frye Local School Dist. Bd. of Edn.
(1993), 87 Ohio App.3d 840, 623 N.E.2d 232.
Other than the dismissal of appellee's motion for contempt, none of the issues addressed in the January 24th judgment have been fully resolved. Accordingly, we find that the January 24, 2000 "Judgment Entry" is not final or appealable, thus, this Court does not have jurisdiction to consider the merits of the appeal.
 JUDGMENT ENTRY
It is ordered that the appeal be dismissed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Lawrence County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.
Harsha, J., and Evans, J.: Concur.
____________________ Roger L. Kline Presiding Judge