[Cite as *Sherrill v. Knight*, 2013-Ohio-3665.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

CHRISTOPHER SHERRILL

    Appellee

    v.

KELLY KNIGHT fka SHERRILL

    Appellant

C.A. No.     12CA010287

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    07NU068023

DECISION AND JOURNAL ENTRY

Dated: August 26, 2013

---

MOORE, Presiding Judge.

{¶1} Defendant, Kelly J. Knight, has attempted an appeal from the judgment of the Lorain County Court of Common Pleas. We dismiss the appeal for lack of jurisdiction.

I.

{¶2} Kelly J. Knight ("Mother") and Christopher A. Sherrill ("Father") were married for approximately ten years, during which time they had one child together. In 2007, Father filed a petition for dissolution of marriage, to which he attached a separation agreement and a shared parenting plan signed by both parties. Thereafter, the trial court issued a decree dissolving the parties' marriage. The decree incorporated the parties' separation agreement as an order of the court. An unsigned copy of the shared parenting plan was attached to the separation agreement.

{¶3} In 2012, Father filed a motion in part requesting the trial court to modify the allocation of parental rights and responsibilities based upon a change in his work schedule, which he maintained would allow him to be with the child on weekday afternoons and evenings

while Mother was at work. During proceedings on Father's motion, Mother raised the issue of whether there existed a valid shared parenting decree. The parties briefed this matter in the trial court, and, on September 7, 2012, the trial court issued a ruling determining that the decree of dissolution effectively ordered shared parenting pursuant to the terms of the parties' shared parenting plan. The order did not include a ruling on Father's motion, which remains pending in the trial court.

{¶4} Mother filed an attempted appeal from the September 7, 2012 order, and she now presents one assignment of error for our review.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT ERRED IN FINDING THAT A VALID SHARED PARENTING PLAN EXISTED BETWEEN THE PARTIES WHEN []IT NEVER ISSUED A SHARED PARENTING DECREE AT THE TIME OF THE PARTIES' DISSOLUTION OF MARRIAGE.

{¶5} In her sole assignment of error, Mother maintains that the trial court erred by determining that the decree of dissolution ordered shared parenting pursuant to the terms of the parties' shared parenting plan. We do not reach the merits of Mother's arguments, as we conclude that the trial court's September 7, 2012 order was not a final, appealable order.

{¶6} Section 3(B)(2), Article IV of the Ohio Constitution limits this Court's appellate jurisdiction to the review of judgments and final orders. Under R.C. 2505.02(B)(1) and (2), as applicable in this case, an order is final and appealable when it "affects a substantial right in an action that in effect determines the action and prevents a judgment; [or] * * * affects a substantial right made in a special proceeding[.]" A decree of divorce or dissolution is final when all matters have been resolved in accordance with Civ.R. 75(F). *See Murphy v. Murphy*, 9th Dist. Summit No. 25202, 2011-Ohio-176, ¶ 8-9. A post-decree matter is "determined," and

therefore appealable under R.C. 2505.02(B)(1), when all issues raised have been resolved. *Koroshazi v. Koroshazi*, 110 Ohio App.3d 637, 639 (9th Dist.1996).

{¶7}  As set forth above, Father filed a post-decree motion, in which he, in part, requested the court to reallocate parental rights to name him the primary caretaker of the parties' child.  Thereafter, Mother filed a "settlement conference statement."  Therein, Mother maintained that a contested issue before the court was whether the decree of dissolution had ordered shared parenting, or whether she was the child's sole residential parent and legal custodian.  She maintained that the determination of whether the trial court effectively ordered shared parenting was significant in considering Father's burden in prevailing on his motion pursuant to R.C. 3109.04(E)(1)(a) ("The court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that *a change has occurred in the circumstances of the child, the child's residential parent, or either of the parents subject to a shared parenting decree*, and that the modification is necessary to serve the best interest of the child." (Emphasis added.)).

{¶8}  Thereafter, the trial court ordered counsel to submit briefs "as to whether there is a valid shared parenting plan[.]"  In Mother's brief before the trial court, she argued that purported errors existed in the dissolution decree, and, because of those errors, the parties were not subject to a "shared parenting decree."  Based upon this, she maintained that Father was required to demonstrate a change of circumstances of the child or Mother, who had been designated "residential parent" for school purposes within the parties' separation agreement, in order to prevail on his motion pursuant to the terms of R.C. 3109.04(E)(1)(a).

{¶9}    Accordingly, Mother's argument pertaining to whether shared parenting was decreed is intertwined with her position as to Father's burden of proof on his motion.  We conclude that under the circumstances of this case, the trial court's September 7, 2012 order is not a final, appealable order because it determined only the preliminary issue of whether the decree of dissolution effectively incorporated a shared parenting decree.  As Father's motion is still pending, all issues raised have not been fully determined in accordance with R.C. 2505.02(B)(1).  Further, there has been no showing that Mother would be denied the ability to obtain effective relief by raising her argument after the trial court determines Father's motion.  Accordingly, the September 2, 2012 order did not affect a substantial right.  *Bell v. Mt. Sinai Med. Ctr.*, 67 Ohio St.3d 60, 63 (1993); *see also Koroshazi* at 640, (citing *Bell* for proposition that "[a]n order affects a substantial right if, in the absence of an immediate appeal, one of the parties would be foreclosed from appropriate relief in the future").  Accordingly, the September 7, 2012 order is not a final, appealable order.  Therefore, as Mother attempted to appeal from a non-final order, her appeal is dismissed for lack of jurisdiction.

III.

{¶10}    We do not reach the merits of Mother's assignment of error.  The appeal is dismissed for lack of jurisdiction.

Appeal dismissed.

———

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
CARLA MOORE
FOR THE COURT

BELFANCE, J.
WHITMORE, J.
CONCUR.

APPEARANCES:

SAM R. BRADLEY, Attorney at Law, for Appellant.

STEPHEN E. S. DARAY, Attorney at Law, for Appellee.

RICHARD STAHL, Guardian ad Litem.