[Cite as *State ex rel. O'Brien v. Fairview Mem. Park, Inc.*, 2019-Ohio-5305.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO, EX REL.<br>CAROL HAMILTON O'BRIEN | JUDGES:<br>Hon., W. Scott Gwin, P.J.<br>Hon., William B. Hoffman, J. |
| Plaintiff-Appellee | Hon., John W. Wise, J. |
| -vs- | |
| | Case No. 19 CAE 04 0028 |
| FAIRVIEW MEMORIAL PARK, INC.,<br>ET AL., | |
| Defendants-Appellees | O P I N IO N |
| -vs- | |
| BERLIN TOWNSHIP/BERLIN<br>TOWNSHIP TRUSTEES | |
| Intervening Party<br>Defendant/Cross-Claimant/Appellant | |

CHARACTER OF PROCEEDINGS:     Appeal from the Delaware County Court of Common Pleas, Case No. 17 CVH 05 0302

JUDGMENT:     Affirmed

DATE OF JUDGMENT ENTRY:     December 20, 2019

APPEARANCES:

For Plaintiff-Appellee

MELISSA A. SCHIFFEL
Prosecuting Attorney
Delaware County, Ohio

CHRISTOPHER D. BETTS
Assistant Prosecuting Attorney
145 North Union Street, 3rd Floor
Delaware, Ohio  43015

For Defendants-Appellees Receiver

AARON C. FIRSTENBERGER
KENNETH R. GOLDBERG
Strip, Hoppers, Leithart, McGrath &
Terlecky Co., L.P.A.
575 South Third Street
Columbus, Ohio  43215

For Intervening Party Defendants/Cross-
Claimant/Appellant

CHRISTOPHER A. RINEHART
Rinehart Legal Services, Ltd.
P.O. Box 16308
Columbus, Ohio 43216

Co-Counsel for Intervening Party
Defendants/Cross Claimant/Appellant

GRANT A. WOLFE
Wolfe Law Offices
100 E. Campus View Blvd., Suite #250
P.O. Box 1505
Columbus, Ohio 43216-1505

*Hoffman, J.*

**{¶1}** Intervening party defendant/cross-claimant/appellant Berlin Township/ Berlin Township Trustees ("Berlin Township") appeals the March 7, 2019 Judgment Entry entered by the Delaware County Court of Common Pleas, which denied its motion for default judgment and granted the motion of the receiver-appellee, A.C. Strip ("the Receiver"), authority to engage a real estate consultant and sell the remaining corporate assets of defendants-appellees Fairview Memorial Park, Inc., et al.

STATEMENT OF THE CASE AND FACTS

**{¶2}** On May 9, 2017, the Delaware County Prosecutor filed a Verified Complaint for Judicial Dissolution against Fairview Memorial Park, Inc. ("the Corporation"), Theodore L. Martin, and Arminda K. Martin, seeking a judicial dissolution of the Corporation, on the basis the Corporation had been organized or systemically used to further criminal purposes or as a subterfuge to engage in criminal activity. The complaint stated Theodore Martin was the president and statutory agent of the Corporation, a not-for-profit corporation incorporated on August 30, 1960; his wife, Arminda Martin, was employed by the Corporation; and the Corporation owned and operated Fairview Memorial Park Cemetery ("the Cemetery") located at 5035 Columbus Pike, Lewis Center, Ohio, as well as an undeveloped parcel adjoining the Cemetery.

**{¶3}** The complaint asserted Theodore and Arminda Martin had been convicted of federal tax evasion in the United States District Court for the Middle District of Pennsylvania and were facing charges of theft and engaging in a pattern of corrupt activity in the Delaware County Court of Common Pleas. As a result of their incarceration and the pending state prosecution, the Martins did not currently have the ability to maintain, operate, or care for the Cemetery. According to the complaint, the answer to whether the

Corporation had sufficient funds or assets to operate or care for the Cemetery, pay its debts and creditors, or perform its contractual obligations was unknown.

{¶4} Contemporaneously with the filing of the complaint, the prosecutor filed a Motion to Expedite and Set a Hearing and Immediately Appoint Receiver. The trial court conducted a hearing on the motion to expedite and appoint a receiver on May 19, 2017. The trial court found a receiver was necessary to ensure the business of the Corporation could continue while the case was pending. The trial court appointed the Receiver.

{¶5} The prosecutor filed a motion for default judgment against the Corporation and the Martins on August 28, 2017, which the trial court granted. Following a hearing on September 22, 2017, the trial court entered a final order for judicial dissolution of the Corporation. The trial court instructed the Receiver to continue with his administrative duties to the extent needed to wind up the affairs of the Corporation and the receivership. The trial court also authorized the Receiver, with prior approval from the court, to sell, transfer, or convey the Corporation and all of its assets.

{¶6} On April 10, 2018, the Receiver filed motions seeking authority to sell certain corporate assets and to engage a real estate consultant to assist with the sale of the property. The Receiver proposed to sell the whole undeveloped parcel and a part of the Cemetery parcel. The motion provided notice to all parties to the action and all persons known to have an interest in the property to file any objections to the sale within 14 days of service of the motion.

{¶7} Within the time period allotted for the filing of objections, Berlin Township moved to intervene in the action and filed notice of its objection to the proposed sale. The trial court granted Berlin Township's motion to intervene via Judgment Entry filed July 3,

2018.  Berlin Township filed a cross-claim against the Corporation, asking the trial court to quiet title to the Cemetery and the undeveloped parcel in the Corporation's name and declare the Corporation's real property belonged to Berlin Township.  Berlin Township did not obtain service on the Corporation until October, 2018.  After the Corporation failed to answer, Berlin Township moved for default judgment against it on November 26, 2018.

{¶8}    The trial court conducted a hearing on February 22, 2019, "in order for the parties to present evidence to assist the Court in determining whether the property being held in the receivership can be sold or whether it must – by operation of law – be transferred to Berlin Township." March 7, 2019 Judgment Entry at 5.  Via Judgment Entry (1) Denying Intervening Party Berlin Township's Motion for Default Judgment, and (2) Granting Receiver's Motion for Authority to Engage Real Estate Consultant and Sell Remaining Corporate Assets filed March 7, 2019, the trial court denied Berlin Township's motion for default judgment and dismissed its cross-claim.  The trial court found the Cemetery and the undeveloped parcel were two distinct parcels and there was no reason to treat the parcels as one asset.  The trial court ordered "[a]ll right, title, and interest in the cemetery parcel, as well as any personal and intangible property related to the cemetery, is vested in Berlin Township free and clear of any and all liens that may have been placed on the property."  March 7, 2019 Judgment Entry at 10.  The trial court granted authority to the Receiver to sell the undeveloped parcel.  *Id.* It is from that judgment entry Berlin Township appeals, raising the following assignments of error:

I. THE TRIAL COURT'S MARCH 7, 2019 DECISION AND JUDGMENT ENTRY IS A FINAL APPEALABLE ORDER AS APPLIED TO APPELLANT BERLIN.

II. DEFAULT JUDGMENT SHOULD HAVE BEEN GRANTED IN APPELLANT'S FAVOR AS A RESULT OF DEFENDANT FAIRVIEW'S FAILURE TO MOVE OR PLEAD.

III. OHIO REVISED CODE SECTION 517.10 REQUIRES A JUDGMENT DECLARING THAT TITLE TO BOTH PARCELS OWNED BY FAIRVIEW MEMORIAL PARK, INC. VESTED IN BERLIN ON OR ABOUT JANUARY 27, 2016.

I.

**{¶9}** In its first assignment of error, Berlin Township argues the trial court's March 7, 2019 Judgment Entry was a final appealable order as applied to Berlin Township. Section 3(B)(2), Article IV of the Ohio Constitution limits the jurisdiction of an appellate court to the review of final judgments of lower courts. *Germ v. Fuerst,* 11th Dist. Lake No. 2003–L–116, 2003–Ohio–6241, ¶ 3. "In order for a judgment to be final and appealable, the requirements of R.C. 2505.02 and Civ.R. 54(B), if applicable, must be satisfied." *Bristol Twp. Bd. of Trustees v. Haney*, 11th Dist. Trumbull No. 2010–T–0084, 2010–Ohio–3965, ¶ 3; *Chef Italiano Corp. v. Kent State Univ.*, 44 Ohio St.3d 86, 88, 541 N.E.2d 64 (1989).

**{¶10}** To determine whether an order is final and appealable, an appellate court's review often involves a multi-step process. *Wisintainer v. Elcen Power Strut Co.,* 67 Ohio

St.3d 352, 354, 1993–Ohio–120, 617 N.E.2d 1136. First, a reviewing court must focus its attention on whether the appealed order is "final" as established by R.C. 2505.02, i.e., whether the order affects a substantial right and in effect determines the action and prevents a judgment, or the order affects a substantial right made in a special proceeding. *Wisintainer* at 354, 617 N.E.2d 1136. For an order to be final and appealable, it must meet the requirements of R.C. 2505.02(B), which provides, in pertinent part:

(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment.

(3) An order that vacates or sets aside a judgment or grants a new trial;

(4) An order that grants or denies a provisional remedy and to which both of the following apply:

(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

* * *

**{¶11}** "An order affects a substantial right if, in the absence of an immediate appeal, one of the parties would be foreclosed from appropriate relief in the future. *Elliott v. Rhodes,* 4th Dist. Pickaway No. 10CA26, 2011–Ohio–339, ¶ 17, quoting *Koroshazi v. Koroshazi,* 110 Ohio App.3d 637, 640, 674 N.E.2d 1266, (9th Dist. 1996), citing *Bell v. Mt. Sinai Med. Ctr.,* 67 Ohio St.3d 60, 63, 616 N.E.2d 181 (1993). To constitute a final order, the order must dispose of the whole case or some separate and distinct branch. *Elliott, supra,* citing *Noble v. Colwell,* 44 Ohio St.3d 92, 94, 540 N.E.2d 1381 (1989). In general, when an order does not contemplate further action and no other related issues remain pending, the order normally constitutes a final order. *Elliott, supra.*

**{¶12}** We find the trial court's March 7, 2019 Judgment Entry effects a substantial right as the entry disposes of all the claims asserted by Berlin Township in its cross-claim, as well as all of the claims brought against Berlin Township in the Complaint and all of the defenses raised by Berlin Township in its Answer. Although the Receiver had further duties to undertake in order to complete the dissolution of the Corporation, the Judgment Entry does not contemplate further action and no issues remain pending. Berlin Township is foreclosed from obtaining title to the undeveloped parcel.

**{¶13}** As the March 7, 2019 Judgment Entry meets the criteria of R.C. 2505.02, we must now ascertain whether Civ.R. 54(B) was applicable and whether it was properly applied. *General Acc. Ins. Co. v. Ins. Co. of N. America,* 44 Ohio St.3d 17, 22, 540 N.E.2d 266 (1989).

**{¶14}** Civ. R. 54(B) provides:

When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

**{¶15}** "Civ.R. 54(B), however, is merely a procedural device. It cannot affect the finality of an order." *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.,* 44 Ohio St.3d 17, 21, 540 N.E.2d 266 (1989); *Meisner v. Walker*, 10th Dist. No. 15AP-671, 2016-Ohio-215, 2016 WL 362917, ¶ 11. The absence of Civ.R. 54(B) language will not render an otherwise final order not final. *Gen. Acc. Ins. Co.* at 21, 540 N.E.2d 266. Moreover, "even though all the claims or parties are not expressly adjudicated by the trial court, if the effect of the judgment as to some of the claims is to render moot the remaining claims or parties, then compliance with Civ. R. 54(B) is not required to make the judgment final and appealable." *Id.*

{¶16} The trial court adjudicated all of the claims of the parties. Based upon the foregoing, we find the March 7, 2019 Judgment Entry was a final appealable order, and this Court has jurisdiction to address the merits of Berlin Township's appeal.[1]

## II, III

{¶17} In its second assignment of error, Berlin Township contends the trial court should have granted its motion for default judgment against the Corporation as the Corporation failed to move or plead to Berlin Township's cross-claim.  In its cross-claim, Berlin Township asked the trial court to quiet title of the Cemetery and undeveloped parcel in the Corporation's name and declare the real estate belonged to Berlin Township.  In its third assignment of error, Berlin Township maintains the trial court erred in failing to declare title to the Cemetery and the undeveloped parcel vested in Berlin Township on or about January 27, 2016, pursuant to R.C. 517.10.

{¶18} R.C. 517.10 provides:

> The title to, right of possession, and control of all public cemeteries located outside any municipal corporation, which have been set apart and dedicated as public cemeteries, and any grounds which have been used as such by the public, but not expressly dedicated as a cemetery, except such as are owned or under the care of a religious or benevolent society, or an incorporated company or association, or under the control of the authorities

---

[1] Although Berlin Township raises this as an assignment of error, it appears actually to be a statement of law concerning this Court's jurisdiction.  Having determined we have jurisdiction, a ruling sustaining or overruling the "assignment of error" is unnecessary.

of any municipal corporation, shall, severally be vested in the board of township trustees.

**{¶19}** Berlin Township submits title to the Cemetery and the undeveloped parcel vested in the township as a matter of law as early as January 27, 2016, when the Martins were charged with, plead guilty to, were convicted and sentenced on attempted federal income tax evasion, or, at the latest, May 22, 2017, when the trial court appointed the Receiver. Berlin Township asserts the Cemetery and the undeveloped parcel were abandoned as of January 27, 2016, as the Martins, the principals of the Corporation, were no longer able to provide for the Cemetery's maintenance, operation, or care. The trial court acknowledged the abandonment on May 22, 2017, when it appointed the Receiver.

**{¶20}** In support of its position, Berlin Township relies on *State ex rel. Petro v. Cincinnati*, 1st Dist. Hamilton No. C-060186, 2007-Ohio-1858. In *State ex rel. Petro v. Cincinnati*, the President of Wesleyan Cemetery of Cincinnati, a charitable trust whose corporate officers were also trustees, was convicted of theft and sentenced to prison for expending the assets of the endowment-care fund for his personal expenses. *Id.* at ¶ 4. While under the President's care, the cemetery grounds had been neglected and had fallen into "disarray." *Id.* Relying upon R.C. 759.08, which is substantially similar to R.C. 517.10, the First District Court of Appeals concluded, insofar as the cemetery's trustees had abandoned their responsibilities of caring for the cemetery, title to the cemetery was vested in the municipal corporation in which the cemetery was located. *Id.* at ¶ 29-30. The Court concluded the trial court's findings the cemetery was a public cemetery, which was no longer owned by or under the care of a corporation; and title vested to the city

when the cemetery had been abandoned, its trustees had resigned, and no corporate assets or corporate entity remained were supported by competent, credible evidence. *Id.* at ¶ 30.

**{¶21}** We find *State ex rel. Petro v. Cincinnati*, supra, to be factually distinguishable. Unlike the instant action, the officers in *State ex rel. Petro v. Cincinnati* agreed to dissolve the cemetery association, the trial court did not order a judicial dissolution. In addition, a trial court did not appoint a receiver to care for the property and/or conclude the corporation's affairs. The fact the principals of the Corporation were incarcerated and a receiver had been appointed does not necessarily mandate a finding of abandonment by the Corporation.

**{¶22}** In its March 7, 2019 Judgment Entry, the trial court noted:

> Ohio law provided that a corporation – through either its directors or a receiver – is permitted to continue for purposes of winding up its affairs. R.C. 1701.88(D)."[W]hen the articles of a corporation have been canceled * * * the corporation shall cease to carry on business and do only such acts as are required to wind up its affairs * * * and for such purposes it shall continue as a corporation." R.C. 1701.88(A). Ohio law specifically provides that this applies to corporations that are judicially dissolved. R.C. 1701.91(D).
>
> Ohio law clearly provides that a corporation does not cease to exist on the date it is ordered judicially dissolved. *Id.* at 8.

**{¶23}** With respect to the Cemetery parcel, the trial court ultimately ordered, "All right, title, and interest in the cemetery parcel, as well as any personal or intangible property related to the cemetery, is vested in Berlin Township free and clear of any and all liens that may have been placed on the property." *Id.* at 10. Once the trial court transferred the Cemetery to Berlin Township, an actual, justiciable controversy no longer existed as to the developed parcel actually being used as a cemetery; therefore, this Court is not required to rule on a question of law which cannot affect matters at issue in this case. *See Ambrose v. Galena,* 5th Dist. Delaware No. 15 CAH 01 0011, 2015-Ohio-3157, 2015 WL 4656754, ¶ 29, citing *State v. Bistricky* (1990), 66 Ohio App.3d 395, 584 N.E.2d 75.

**{¶24}** With respect to the undeveloped parcel, we agree with the trial court and find this property was separate and distinct from the Cemetery. The evidence established the Cemetery was actively operating as a cemetery while the undeveloped parcel was not developed in any manner and was not being used for cemetery or any other purposes. While it appears the Corporation had intentions of using the undeveloped parcel for cemetery purposes as evidenced by the Corporation acquiring tax exempt status as a cemetery for the undeveloped parcel. However, there was nothing which precluded the undeveloped parcel from later being used for other, non-cemetery purposes. The undeveloped parcel had a separate parcel number. The Cemetery and the undeveloped parcel were purchased at two different points in time. Accordingly, we find the trial court's determination the Cemetery and the undeveloped parcel were separate tracts was not against the manifest weight of the evidence. Because the undeveloped parcel was not

presently being used as a cemetery, the undeveloped parcel did not transfer to Berlin Township by operation of law.

**{¶25}**  Berlin Township's second and third assignments of error are overruled.

**{¶26}**  The judgment of the Delaware County Court of Common Pleas is affirmed.

By: Hoffman, J.

Gwin, P.J.  and

Wise, John, J. concur